FILED & JUDGMENT ENTERED
Steven T. Salata

September 5 2017

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

IN RE:                                              )
                                                    )    **Case No. 17-30074**
   **Danielle Anne Mergentime**          )    **Chapter 7**
                                                    )
        **Debtor.**               )

## ORDER REGARDING DEBTOR'S REQUEST TO EXEMPT LUMP SUM SOCIAL SECURITY DISABILITY PAYMENT

In this case, the debtor failed to disclose the post-petition receipt of a lump sum Social Security disability payment that she partly disbursed without approval to her ex-husband. The Court must now decide whether debtor must claim an after-the-fact exemption in the disability benefits to protect the same from her creditors. Pursuant to the Social Security Act, such benefits are excluded from a debtor's bankruptcy estate and are not reachable by the Chapter 7 trustee. The debtor need not exempt funds that never enter the bankruptcy estate. Because she has asked to do so, even though unnecessary, her request to claim an exemption is allowed as to the funds she retained and denied as not ripe as to the funds she disbursed.

1

The parties agree on the salient facts as follows. Debtor filed bankruptcy on January 18, 2017, and a first meeting of creditors was held on February 22, 2017. Due to questions regarding the timing of debtor's marriage and divorce, the first meeting was continued to April 12, 2017, so that the debtor could provide bank statements and a copy of the state court equitable distribution order to the trustee.

The equitable distribution order was entered in 2015. It provides that should debtor be approved for Social Security disability and receive a lump sum retroactive payment, she shall share the net proceeds equally with her ex-husband. On her bankruptcy petition, debtor did not list any amount owed to her for Social Security disability benefits.

At the continued first meeting of creditors held on April 12, 2017, the Chapter 7 trustee inquired as to whether debtor had received any lump sum disability payments, and if so, had she paid some of those proceeds to her ex-husband. Debtor admitted that she had indeed received a $62,417.80 payment on March 8, 2017, and that she had paid half of that to her ex-husband.

The trustee then filed a pair of adversary proceedings to recover the payment to debtor's ex-husband and to deny debtor's discharge for her failure to disclose the lump sum payment and for disbursing half to her ex-husband [Adversary Nos. 17-3065 and 17-3064]. After the trustee filed the adversary proceedings, debtor moved to amend her petition to claim the entire lump sum payment exempt under 42 U.S.C. § 407, *nunc pro tunc* to an unspecified date.[1] The trustee objected.

---

[1] Debtor has not specified a date of when she wishes the relief to be effective. The Court assumes she is requesting relief *nunc pro tunc* to the date she received the lump sum payment.

2

Title 42, Chapter 7, Subchapter II of the United States Code addresses, *inter alia*, the payment of and rights in Social Security disability benefits. Pursuant to 42 U.S.C. § 407:

> (a) In general
> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.
>
> (b) Amendment of section
> No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.

Courts have read these provisions "as a complete bar to the forced inclusion of past and future social security proceeds in the bankruptcy estate." *In re Carpenter*, 614 F.3d 930, 936 (8th Cir. 2010). Meaning, Social Security proceeds are excluded from a debtor's bankruptcy estate automatically and need not be claimed exempt to be protected from creditors.[2] *Id.*[3]

At the hearing on this matter, the trustee conceded that debtor should be permitted to retain her remaining half of the proceeds under 42 U.S.C. § 407 but argued that the funds transferred to her ex-husband do not benefit from the same protections. In a post-hearing brief,

---

[2] This does not excuse the debtor from omitting the disability benefits from her petition to begin with. Debtors are expected to list all their assets so that other parties can make their own evaluations. *See* Official Form 106A/B.

[3] *See also In re Miller*, 445 B.R. 504, 507 (Bankr. D.S.C. 2011) ("While the Fourth Circuit has never addressed this particular issue, courts in other circuits have held that section 407(a) operates as a 'complete bar to the forced inclusion of past and future social security proceeds in the bankruptcy estate.'" (quoting *Carpenter*, 614 F.3d at 936)); 4 COLLIER ON BANKRUPTCY ¶ 522.09[10][a] n.76 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("Previously, the Eleventh Circuit had held that accumulated Social Security benefits which have been distributed to the debtor may not be claimed as exempt under section 522(d)(10)(A). Thereafter, Congress amended 42 U.S.C. § 407 to clarify that the inalienability of Social Security benefits was not repealed by the Bankruptcy Code, so that such benefits should not even become part of the bankruptcy estate." (citations omitted)).

3

the trustee asserted that the debtor's disbursement of half the proceeds to her ex-husband changed the nature of the funds from Social Security benefits such that they are no longer protected by 42 U.S.C. § 407.  In support of his contention, the trustee cites *Philpott v. Essex Cty. Welfare Bd.*, 409 U.S. 413, 416 (1973), more specifically to the Supreme Court's instruction that 42 U.S.C. § 407 protects "money paid" and that "the funds on deposit [are] readily withdrawable and retain[ ] the quality of 'moneys' within the purview of § 407."  The trustee reasons that the transferred funds are no longer readily withdrawable and do not retain the necessary "quality of monies" to garner the protection of 42 U.S.C. § 407.

The trustee's argument has no bearing on the current question given the Court's holding that (1) the lump sum payment never became part of the bankruptcy estate and (2) claiming an exemption is not necessary.  If the trustee still wishes to make this assertion, he will have to do so in the adversary proceeding against debtor's ex-husband under 11 U.S.C. § 549.  To succeed in that action, he will have to show that by some form of legal alchemy the funds transferred to debtor's ex-husband created estate property.  That argument seems akin to saying that a debtor's post-petition transfer of disability benefits to a grocery store or pharmacy in exchange for food or medicine entitles a bankruptcy trustee to recover those monies from the retailers.

**SO ORDERED.**

**This Order has been signed electronically.**　　　　　　　　　　　　　　**United States Bankruptcy Court**
**The judge's signature and the court's seal**
**appear at the top of the Order.**